**WASHINGTON CHANNEL LIMITED PARTNERSHIP T/A Gangplank Marina, Plaintiff,**

v.

**56′ CARRI–CRAFT MOTOR YACHT NAMED "HUBRIS"; and Dean J. Garritson, NBU 1–1.**

**Civ. A. No. 87–1136.**

United States District Court, District of Columbia.

June 14, 1988.

Stuart C. Law, Law & Murphy, Washington, D.C., for plaintiff.

John K. Lunsford, Washington, D.C., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SPORKIN, District Judge.

Pursuant to Defendant's May 15, 1987 Motion to Dismiss, I found that the Gangplank Marina's claim for dock charges (or "wharfage") and for removal of the vessel "Hubris" from its dock were within federal admiralty jurisdiction. In those findings, I rejected Defendant's assertion that the furnishing of dockage services to a houseboat is a contract cognizable in the landlord/tenant branch of the Superior Court of the District of Columbia. I also rejected Defendant's argument that since the "Hubris" was not in navigation, it was not subject to federal admiralty jurisdiction. I found that admiralty law would control the conduct applicable to the dispute between Washington Gangplank and Mr. Garritson. *Branch v. Schumann,* 445 F.2d 175, 178 (5th Cir.1971).

The parties have stipulated that there are no factual issues in dispute. *See* Plaintiff's Exhibit 1. Plaintiff operates Gangplank Marina. On March 31, 1986, defendant Garritson executed a "License for Use of Vessel Storage Space" ("license") for his vessel, defendant "Hubris", and signed the Rules and Regulations of the Marina. The "Hubris" is a 56–foot vessel. The license covered the term from April 1, 1986 through March 31, 1987 and was not renewed when it expired. On March 10, 1987, plaintiff notified Garritson by letter that the license would not be renewed. Mr. Garritson received this letter. The license contains the following provisions:

(6) In the event Licensee shall not have contracted for the License granted herein on an annual or seasonal basis, Licensee shall pay to Licensor a fee measured by the Transient (Daily) Rate posted in the Marina office.

(12) In the event that this license shall have expired, either because the term herein granted has passed or because the Licensor has otherwise terminated it, the Boat shall be immediately removed from the Licensor's premises, and if not so removed may be removed by Licensor at Licensee's expense.

While residing on the "Hubris", defendant Garritson allowed his dog to run unleashed and unattended on the dock, and to urinate on the dock. He intentionally parked his car in spaces reserved for handicapped drivers. In addition, while operating the "Hubris", Mr. Garritson struck another vessel and did not notify the owner.

Mr. Garritson has not used the "Hubris" as his residence since some date before December 1, 1987; he has not violated any marina rules or regulations since this action was filed.

Pursuant to my order, Mr. Garritson deposited $4,100 in the Registry of the Court; this sum represents the fee Mr. Garritson would have owed had the Gangplank Marina renewed the license on April 1, 1987 for the next year.

The only issue before me is whether the D.C. Rental Housing Act of 1985 applies as a matter of law to the furnishing of dock space to the "Hubris". This issue is defendant's sole defense. The resolution of this issue is inherent in my earlier decision that federal admiralty jurisdiction attaches to the present controversy. Claims in admiralty are to be resolved by federal admiralty law:

Maritime law must control all substantive issues in the disposition of maritime

claims, regardless of the form or forum of the action ...

*In re Industrial Transport Corp.*, 344 F.Supp. 1311, 1314 (E.D.N.Y.1972).

In addition, plain logic and common sense indicate that the D.C. Rental Housing Act is inapplicable to the present controversy. Section 45–2503(14) of the Act defines a "housing accommodation" as "any structure in the District containing one or more rental units"; section 45–2503(33) defines a rental unit as "any part of a housing accommodation ... and includes any apartment, efficiency apartment, room, single family house and the land appurtenant thereto, suite of rooms or duplex". By the very terms of the Act, a houseboat is not a rental unit and not subject to the jurisdiction of the Rental Housing Act.

In support of this position, plaintiff has obtained an advisory opinion from counsel for the Rental Accommodations and Conversion Division of the Department of Consumer and Regulatory Affairs confirming that "docking space rented by the Gangplank Marina [is] not subject to the Rental Housing Act of 1985". *See* Plaintiff's Motion for Summary Judgment or Other Relief at Exhibit B. The opinion further stated:

> The facts clearly reflect that the docking space rented by the Gangplank Marina is neither a *structure* or *building* containing a *rental unit* ... the docking space cannot be defined as a housing accommodation which would subject it to the jurisdiction of the Rental Housing Act.

*Id.*

Thus, I find that the D.C. Rental Housing Act of 1985 is inapplicable to the present controversy.

Defendants raised no other defenses to plaintiff's Motion for Summary Judgment. I therefore grant plaintiff's Motion for Summary Judgment and it is hereby ORDERED that:

(1) The vessel "Hubris" shall be removed from the Gangplank Marina by July 13, 1988, thirty days from the date of this order;

(2) The $4,100 deposited in the Registry of the Court shall be paid to plaintiffs;

(3) Defendant Garritson shall pay plaintiff $1,171; a sum which represents the pro rata rate that will have accrued from April 1, 1988 until July 13, 1988. This award shall be reduced by $11.26 for each day that the boat is removed prior to July 13, 1988.